UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ORLIS XAVIER ORELLANA JOYA                    CIVIL ACTION

VERSUS                                        NO. 20-236

NORMA ARELY MUNGUIA GONZALES                  SECTION M (5)

## ORDER & REASONS

Before the Court is a motion by petitioner Orlis Xavier Orellana Joya ("Orellana") to fix the amount of attorney's fees and costs he is entitled to recover.[1]  Orellana requests $31,654.50 in attorney's fees and $2,582.40 in costs.[2]  Respondent Norma Arely Munguia Gonzales ("Munguia"), who is represented by counsel, did not respond in opposition.[3]  Having considered the motion, the lack of opposition, the record, and the applicable law, the Court grants Orellana's motion finding that an award of $31,654.50 in attorney's fees and $2,582.40 in costs is fair and reasonable.

## I.    BACKGROUND

Orellana and Munguia, who are both citizens of Honduras, are the parents of a five-year-old boy known as S.O.O.M.[4]  S.O.O.M. was born in Honduras and lived there continuously until Munguia, without Orellana's consent, brought S.O.O.M. to the United States in May 2019. Orellana filed this action under the Hague Convention on the Civil Aspects of International Child

---

[1] R. Doc. 26.

[2] *Id.*

[3] Orellana filed his motion on April 2, 2020.  R. Doc. 26.  It its Findings of Fact and Conclusions of Law, the Court specified that Munguia had seven days from the date of service of Orellana's motion to fix attorney's fees and costs to respond asserting why she believes the requested award is "clearly inappropriate" under 22 U.S.C. § 9007(b)(3), with particular reference to her income, any financial assets, necessary expenses, and her out-of-pocket litigation fees and costs associated with this lawsuit.  R. Doc. 23 at 20.  The Court's electronic filing system (CM/ECF) indicates that Munguia received service of Orellana's motion through her attorney on April 2, 2020. Thus, Munguia had until April 9, 2020, to respond, but failed to do so.

[4] R. Doc. 23 at 4-5.  Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, the name of the child has been redacted and his initials ("S.O.O.M.") are used in lieu of his full name.

Abduction and the United States's implementing legislation, International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001, *et seq.*, seeking the return of S.O.O.M. to Honduras.[5]  After a non-jury trial, this Court granted Orellana the relief requested and ordered Munguia to return S.O.O.M. to Honduras.[6]  The Court also awarded Orellana attorney's fees and costs.[7]

## II.     LAW & ANALYSIS

Orellana filed the instant motion to fix attorney's fees and costs pursuant to the Court's order awarding them to him.[8]

In calculating the appropriate fee, "the 'lodestar' calculation is the most useful starting point."  *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 518 (E.D. La. 2012) (quotation omitted).  That is, a court must determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The lodestar determination is presumed reasonable, but may be adjusted upward or downward depending on the weight a court allots to the various factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[9] As the party requesting fees, Orellana bears the burden of establishing the reasonableness of the fees and costs he requests by submitting adequate documentation – namely, time records,

---

[5] R. Doc. 1.

[6] R. Doc. 23 at 19.  Munguia has refused to comply with the order.  R. Docs. 24 & 27.

[7] R. Doc. 23 at 18-20.  ICARA provides: "Any court ordering the return of a child [under the statute] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees … and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."  22 U.S.C. § 9007(b)(3).

[8] R. Doc. 23 at 20.

[9] The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.  *Id.* at 717-19.  The lodestar, however, "may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar."  *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citation omitted).

affidavits, and the like. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"); *Who Dat Yat Chat*, 838 F. Supp. 2d at 518. "After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended 'by affidavit or brief with sufficient specificity to give fee applicants notice' of the objections." *Who Dat Yat Chat*, 838 F. Supp. 2d at 519 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

Orellana requests $31,654.50 in attorney's fees and $2,582.40 in costs he has incurred.[10] The lodestar analysis in this case requires a determination of the hours reasonably expended as well as an appropriate hourly rate in the local market. *See McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381-83 (5th Cir. 2011). According to the affidavit and billing records submitted, Orellana was represented in this litigation by Phelps Dunbar LLP, with two associates, Matthew Slaughter and Carys Arvidson, doing the bulk of the work.[11] Phelps Dunbar's attorneys and paralegals logged over 200 hours working on this matter, but seek to recover only a total of 180.95 hours.[12] In the exercise of billing judgment, Phelps Dunbar wrote off all paralegal and some attorney time, and also reduced Slaughter's and Arvidson's usual hourly rate of $250.00 to $235.00.[13] Before these reductions, the total value of Phelps Dunbar's services to Orellana was more than $45,000, so the amount sought to be recovered represents approximately a 30% reduction.[14]

---

[10] R. Doc. 26.
[11] R. Doc. 26-2 at 1-2.
[12] *Id.* at 2 & 28.
[13] *Id.* at 2-28.
[14] *Id.* at 2.

3

While an attorney's affidavit alone cannot support a rate's reasonableness, *see Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"), courts in the Fifth Circuit also employ their "'own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 n.1 (E.D. La. 2009) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The Court is convinced that the hourly rate of Slaughter and Arvidson, each an associate who has practiced for nearly five years,[15] falls within the range of rates allowed by other courts in this district. *See EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, 2015 WL 3505099, at *2-3 (E.D. La. June 3, 2015) (finding hourly rate of $275 for associate with seven years of experience to be reasonable); *Wagner v. Boh Bros. Constr. Co.*, 2012 WL 3637392, at *15 (E.D. La. Aug. 22, 2012) (finding hourly rate of $235 for associate with four years of experience to be reasonable); *Foley v. SAFG Ret. Servs., Inc.*, 2012 WL 956499, at *2 (E.D. La. Mar. 20, 2012) (finding hourly rate of $275 for associate with over eight years of experience to be reasonable); *Johnson*, 639 F. Supp. 2d at 701-02 (finding hourly rate of $225 for associates to be within customary range of rates in the New Orleans area). As reflected by the time entries, each attorney contributed to the success of Orellana's case. Hence, the Court finds that the requested hourly rate of $235 is reasonable and recoverable.

---

[15] *Id.* at 1-2.

"The [fee] applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Hensley*, 461 U.S. at 437 (citation omitted).  "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."  *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (citations omitted).  A court has discretion to reduce the number of hours awarded, or a percentage from the total, for vague and incomplete documentation insufficient to demonstrate billing judgment.  *Id.*; *La. Power & Light Co.*, 50 F.3d at 324.

The Court is satisfied that the time entries in the invoices reflect a sufficient level of detail and description about the number of hours charged and the nature of the services rendered as to permit an evaluation of whether the hours and services were reasonably rendered.  Considering that Phelps Dunbar exercised billing judgment to reduce its fees by approximately 30% before making its request, the Court finds no reason to make a downward adjustment to the amount of time Orellana's attorneys wrote for the services as to which they seek recovery.  The Court finds the hours and services to be reasonable.  Therefore, the Court awards Orellana the lodestar amount of $31,654.50 in attorney's fees, finding this amount to be reasonable and appropriate, after having considered the *Johnson* factors.

With respect to costs, Orellana seeks standard and relatively minor costs for filing fees ($400.00), process servers ($750.00), interpreters ($200.00), international telephone calls ($364.69), online research ($649.76), postage ($6.75), copying ($146.20), and S.O.O.M's passport application fee ($65.00).[16]  The Court finds these costs, which total $2,582.40, to be necessary and reasonable.  Further, the Court notes that Munguia is obligated to pay the costs

---

[16] *Id.* at 29.

associated with returning S.O.O.M. to Honduras.  These costs are not yet determinable as Munguia has refused to comply with the Court's order to return S.O.O.M. to Honduras.  Once Orellana incurs these additional costs, he may file a supplemental motion to recover such costs from Munguia.

**III.    CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Orellana's motion for attorney's fees and costs (R. Doc. 26) is GRANTED, and Orellana is awarded attorney's fees in the total amount of $31,654.50, and costs in the total amount of $2,582.40, with no prejudice to his right to file a supplemental motion at a later date seeking to recover any additional fees and costs he may incur.

New Orleans, Louisiana this 17th day of April 2020.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE